UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONNY L. BERRY, | ) | 3:14CV2518 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE CHRISTOPHER BOYKO |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| KEVIN JONES, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM |
| | ) | AND ORDER |

McHARGH, MAG. JUDGE

The petitioner Donny L. Berry ("Berry") has filed a petition pro se for a writ of habeas corpus, arising out of his 2011 convictions for aggravated murder; involuntary manslaughter; conspiracy to traffic cocaine, and marijuana; and tampering with evidence, in the Defiance County (Ohio) Court of Common Pleas. In his petition, Berry raises eleven grounds for relief:

> 1. The state court's determination that appellant was not denied the effective assistance of appellate counsel when counsel failed to raise on appeal various meritorious issues violating appellant's Sixth Amendment right to the effective assistance of counsel as guaranteed by the United States Constitution was contrary to or an unreasonable application of federal law and Strickland v. Washington which resulted in a decision that was based on an unreasonable determination of the facts.

> 2. The trial court erred and abused its discretion in denying appellant's motion to dismiss and or suppress as statements were obtained from appellant on April 15th, 2011, were obtained in violation of appellant's Fifth Amendment right against self-incrimination and is

contrary to or an unreasonable application [of] Miranda v. Arizona and its [progeny].

3.  The trial court erred and abused its discretion erred in denying appellant's motion to dismiss and or suppress as statements were obtained from appellant on April 15th, 2011, were obtained in violation of appellant's Sixth Amendment right to counsel as guaranteed by the United States Constitution and is contrary to or an unreasonable application of McNeil v. Wisconsin.

4.  The petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution were violated by the state agents knowingly circumventing petitioner['s] right to counsel and using illegally obtained incriminating statements against petitioner at trial.  This was contrary to [or] an unreasonable application of Maine v. Moulton and its progeny.

5. Petitioner was deprived of his Fifth and Fourteenth Amendment right to due process of law and of his Sixth Amendment right as guaranteed by the United States Constitution to [an] impartial jury due to a jury member of his jury failing to disclose material information during jury voir dire.  The court's decision was contrary to or an unreasonable application of clearly establish[ed] federal law.

6.  Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel as guaranteed by the United States Constitution due to appointed counsel['s] failure to present exculpatory evidence, impeach key witnesses, subpoena crucial witnesses, improper inducement of a guilty plea, and [inadequate] representation before during and after petitioner['s] trial, filing frivolous motions which prejudiced the petitioner['s] right to a speedy trial, failure to object to the hearsay testimony of Doug Engel, Dave Richardson, and Tobey Delaney, which was contrary to clearly establish[ed] federal law and or an unreasonable application of Strickland v. Washington.

7.  Petitioner was deprived of his Fifth and Fourteenth Amendment right[s] as guaranteed by the United States Constitution due to the trial court denying the petitioner access to funds needed to hire forensic analyst for the preparation and presentation of petitioner['s] defense and is contrary to clearly establish[ed] federal law or an unreasonable application of Ake v. Oklahoma and its progeny and clearly establish[ed] federal law.

8. Petitioner was deprived of his Fifth and Fourteenth Amendment rights as guaranteed by the United States Constitution due to the prosecution eliciting perjured testimony from a state witness (Shannon Wilson) during petitioner['s] trial violating the petitioner['s] right to due process of law as guaranteed by Fifth and Fourteenth Amendment. The court's decision was contrary to and [an] unreasonable application of clearly established federal law.

9. The petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution were violated due to police conducting a custodial interrogation after petitioner invoked his right to counsel present during custodial interrogation and the trial court finding that petitioner['s] [waiver] of this Fifth and Sixth Amendment rights were valid based on the fact that petitioner was read his Miranda rights. The court's decision was contrary to clearly establish[ed] federal law and or [an] unreasonable application of Maryland v. Shatzer.

10. The state court's determination in denying defendant/appellant'[s] motion for acquittal and the evidence was insufficient to support the jury's conviction of Defendant/Appellant for the crime of aggravated murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment depriving the petitioner of his Fifth and Fourteenth Amendment right to due process of law.

11. Petitioner was [deprived] of his Fifth and Fourteenth Amendment rights as guaranteed by the United States Constitution to due process of law due to the prosecution['s] failure to disclose material evidence to the petitioner['s] appointed counsel upon request prior to trial which was contrary to clearly establish[ed] federal law or an unreasonable application of Maryland v. Brady.

(Doc. 1, § 12.)

The respondent has not yet filed a Return of Writ. See generally doc. 9 (initial order). Berry has filed a motion for appointment of counsel (doc. 3), a motion for expert assistance (doc. 4), and a motion for leave to conduct discovery

(doc. 5). Although these motions were filed in mid-November, no opposition has been filed.

Currently before the court is the motion for appointment of counsel. (Doc. 3.) There is no constitutional or statutory right to counsel in habeas proceedings, except for those prisoners under a capital sentence. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir.), *cert. denied*, 531 U.S. 984 (2000) (citing 28 U.S.C. § 2261). *See also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1987)); *McKethan v. Mantello*, 292 F.3d 119, 123 (2d Cir. 2002); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

However, a district court may appoint counsel for a habeas petitioner when "the interests of justice so require." *Hoggard*, 29 F.3d at 471 (citing 18 U.S.C.A. § 3006A(a)(2)). The decision whether to appoint counsel is left to the sound discretion of the district court. *Morris*, 217 F.3d at 558-559. The appointment of counsel is discretionary when it has been determined that no evidentiary hearing is necessary. *Hoggard*, 29 F.3d at 471; *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992). Federal courts have not developed a uniform approach to motions for appointment of counsel.

In *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a district court when it evaluates whether a petitioner needs court appointed counsel. These include the factual and legal

complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *See also Hoggard*, 29 F.3d at 471 (same). In *Sellers v. United States*, the district court considered "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004). The court considers Berry's motion with these factors in mind.

In evaluating the legal complexity of the petition, and the possible viability of the grounds of the petition, the court considered the procedural background of the case. On direct appeal, Berry raised three assignments of error:

> 1. The trial court erred in denying Defendant/Appellant's motion for acquittal and the evidence was insufficient to support the jury's conviction of Defendant/Appellant for the crime of aggravated murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment.
>
> 2. The jury's verdict finding Defendant/Appellant, guilty beyond a reasonable doubt of the crime of aggravated murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment, is against the manifest weight of the evidence.
>
> 3. Defendant Appellant was denied a fair trial due to the ineffective assistance of counsel.

State v. Berry, No. 4-12-03, 2013 WL 2638704, at *3 (Ohio Ct. App. June 10, 2013).

According to his petition, Berry also filed a Rule 26(B) application to reopen (which was denied), based on ineffective assistance of appellate counsel. Berry would have raised the following five assignments of error:

> 1. The trial court erred and abused its discretion in denying Berry's motion to dismiss and/or suppress as statements were obtained from Berry on April 15th, [2013][1], were obtained [in] violation [of] Berry's Fifth Amendment right against self-incrimination.
>
> 2. The trial court erred and abused its discretion in denying Berry's motion to dismiss and/or suppress as statements were obtained from Berry on April 15th, [2013], in violation [of] Berry's Sixth Amendment right to counsel.
>
> 3. The trial court committed [reversible] error by denying the appellant's motion for funds to hire a forensic analyst.
>
> 4. The state failed to allege venue in Count[s] 2 through 8 of petitioner's indictment.
>
> 5. Appellant was egregiously victimized by the ineffective assignment of his counsel when he failed to raise on appeal the various meritorious issues indicated in appellant's application for reopening direct appeal.

(Doc. 1, at 6.) In addition, Berry states that he filed a post-conviction petition, with the following eight grounds for relief:

> 1. Petitioner['s] April 15th, 2011, statement to the Defiance County Sheriffs that was admitted into evidence against the petitioner at trial was obtained in violation of the petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution and should have been excluded as derivative evidence.
>
> 2. The petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution were violated due to police conducting a custodial interrogation after petitioner invoked his right to counsel present during custodial interrogation and the trial court finding that petitioner['s] [waiver] of this Fifth and Sixth Amendment rights were valid based on the fact that petitioner was read his Miranda rights.

---

[1] In his petition for post-conviction relief, Berry gives the date of his statement as April 15, 2011.

3. The petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution were violated by the state agents knowingly circumventing petitioner['s] right to counsel and using illegally obtained incriminating statements against petitioner at trial.

4. Petitioner was deprived of his Fifth and Fourteenth Amendment rights as guaranteed by the United States Constitution due to the prosecution eliciting perjured testimony from a state witness during petitioner['s] trial.

5. Petitioner was deprived of his Fifth and Fourteenth Amendment rights as guaranteed by the United States Constitution due to the trial court denying petitioner access to funds needed to hire forensic analyst for the preparation and presentation of petitioner['s] defense.

6. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel as guaranteed by the United States Constitution due to appointed counsel['s] failure to present exculpatory evidence, impeach key witnesses, subpoena crucial witnesses, improper inducement of a guilty plea, failure to file a motion to suppress phone records, and [inadequate] representation before during and after petitioner['s] trial.

7. Petitioner was [deprived] of his Fifth and Fourteenth Amendment rights as guaranteed by the United States Constitution to due process of law due to the prosecution['s] failure to disclose material evidence to the petitioner['s] appointed counsel upon request prior to trial.

8. Petitioner was deprived of his Sixth Amendment right as guaranteed by the United States Constitution to [an] impartial jury due to a jury member of his jury failing to disclose material information during jury voir dire.

(Doc. 1, at 7-8.)

In his petition, Berry raises what, at this juncture, appear to be colorable claims of ineffective assistance of appellate counsel, related to alleged Fifth, Sixth, and Fourteenth Amendment violations (alleged Miranda violations, and alleged

violations of his right to counsel), among other claims. See generally doc. 3; doc. 5, at 8-11; and doc. 1, at 14-16, 19-20, 40-42. Berry is currently serving a life sentence for the crimes of which he was convicted. The court appoints David Doughten, counsel experienced in habeas related matters, to represent Berry and to further evaluate the viability of Berry's claims. Counsel may, if appropriate, apply for leave to file an amended petition within ninety (90) days of appointment (or, may move to withdraw).

The motion for appointment of counsel (doc. 3) is GRANTED, as set forth above. The motion for expert assistance (doc. 4), and the motion for leave to conduct discovery (doc. 5) are DENIED, without prejudice to renew.

IT IS SO ORDERED.

Dated:   Jan. 23, 2015                           /s/ Kenneth S. McHargh
                                                                  Kenneth S. McHargh
                                                                  United States Magistrate Judge