UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONNY L. BERRY, | ) 3:14CV2518 |
| | ) |
| Petitioner | ) JUDGE CHRISTOPHER BOYKO |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| WARDEN, Southern Ohio | ) |
| Corr. Facility, | ) |
| | ) |
| Respondent | ) MEMORANDUM AND |
| | ) <u>ORDER</u> |

McHARGH, MAG. J.

The petitioner Donny L. Berry ("Berry") has filed a petition through counsel for a writ of habeas corpus, arising out of his 2011 convictions for aggravated murder; involuntary manslaughter; conspiracy to traffic cocaine, and marijuana; and tampering with evidence, in the Defiance County (Ohio) Court of Common Pleas. In his petition, Berry raises eleven grounds for relief:

> 1. The state court's determination that appellant was not denied the effective assistance of appellate counsel when counsel failed to raise on appeal various meritorious issues violating appellant's <u>Sixth Amendment</u> right to the effective assistance of counsel as guaranteed by the United States Constitution was contrary to or an unreasonable application of federal law and Strickland v. Washington which resulted in a decision that was based on an unreasonable determination of the facts.
>
> 2. The trial court erred and abused its discretion in denying appellant's motion to dismiss and or suppress as statements were obtained from appellant on April 15th, 2011, were obtained in violation of appellant's <u>Fifth Amendment</u> right against self-incrimination and is

1

contrary to or an unreasonable application [of] Miranda v. Arizona and its [progeny].

3. The trial court erred and abused its discretion erred in denying appellant's motion to dismiss and or suppress as statements were obtained from appellant on April 15th, 2011, were obtained in violation of appellant's Sixth Amendment right to counsel as guaranteed by the United States Constitution and is contrary to or an unreasonable application of McNeil v. Wisconsin.

4. The petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution were violated by the state agents knowingly circumventing petitioner['s] right to counsel and using illegally obtained incriminating statements against petitioner at trial. This was contrary to [or] an unreasonable application of Maine v. Moulton and its progeny.

5. Petitioner was deprived of his Fifth and Fourteenth Amendment right to due process of law and of his Sixth Amendment right as guaranteed by the United States Constitution to [an] impartial jury due to a jury member of his jury failing to disclose material information during jury voir dire. The court's decision was contrary to or an unreasonable application of clearly establish[ed] federal law.

6. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel as guaranteed by the United States Constitution due to appointed counsel['s] failure to present exculpatory evidence, impeach key witnesses, subpoena crucial witnesses, improper inducement of a guilty plea, and [inadequate] representation before during and after petitioner['s] trial, filing frivolous motions which prejudiced the petitioner['s] right to a speedy trial, failure to object to the hearsay testimony of Doug Engel, Dave Richardson, and Tobey Delaney, which was contrary to clearly establish[ed] federal law and or an unreasonable application of Strickland v. Washington.

7. Petitioner was deprived of his Fifth and Fourteenth Amendment right[s] as guaranteed by the United States Constitution due to the trial court denying the petitioner access to funds needed to hire forensic analyst for the preparation and presentation of petitioner['s] defense and is contrary to clearly establish[ed] federal law or an unreasonable application of Ake v. Oklahoma and its progeny and clearly establish[ed] federal law.

    8. Petitioner was deprived of his <u>Fifth and Fourteenth Amendment</u> rights as guaranteed by the United States Constitution due to the prosecution eliciting perjured testimony from a state witness (Shannon Wilson) during petitioner['s] trial violating the petitioner['s] right to due process of law as guaranteed by <u>Fifth and Fourteenth Amendment</u>. The court's decision was contrary to and [an] unreasonable application of clearly established federal law.

    9. The petitioner['s] <u>Fifth, Sixth, and Fourteenth Amendment</u> rights as guaranteed by the United States Constitution were violated due to police conducting a custodial interrogation after petitioner invoked his right to counsel present during custodial interrogation and the trial court finding that petitioner['s] [waiver] of this Fifth and Sixth Amendment rights were valid based on the fact that petitioner was read his Miranda rights. The court's decision was contrary to clearly establish[ed] federal law and or [an] unreasonable application of Maryland v. Shatzer.

    10. The state court's determination in denying defendant/appellant'[s] motion for acquittal and the evidence was insufficient to support the jury's conviction of Defendant/Appellant for the crime of aggravated murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment depriving the petitioner of his <u>Fifth and Fourteenth Amendment</u> right to due process of law.

    11. Petitioner was [deprived] of his <u>Fifth and Fourteenth Amendment</u> rights as guaranteed by the United States Constitution to due process of law due to the prosecution['s] failure to disclose material evidence to the petitioner['s] appointed counsel upon request prior to trial which was contrary to clearly establish[ed] federal law or an unreasonable application of Maryland v. Brady.

(Doc. 1, § 12.)

    The respondent has filed a Return of Writ (doc. 14), and Berry has filed a Traverse (doc. 18).

    Currently before the court is Berry's motion to stay and hold the proceedings in abeyance. (Doc. 21.) The respondent has filed an opposition. (Doc. 22.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

After a jury trial,  Berry was convicted of aggravated murder; involuntary manslaughter; conspiracy to traffic cocaine, and marijuana; and tampering with evidence, in the Defiance County (Ohio) Court of Common Pleas.  (Doc. 14, RX 12.)  Berry was sentenced to serve an aggregate sentence of thirty years to life on January 3, 2012.  (Doc. 14, RX 15.)

### A.  Direct Appeal

Berry timely appealed his conviction and sentence.  On direct appeal, Berry raised three assignments of error:

> 1.  The trial court erred in denying defendant/appellant's motion for acquittal and the evidence was insufficient to support the jury's conviction of  defendant/appellant for the crime of aggravated murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment.
>
> 2.  The jury's verdict finding defendant/appellant, guilty beyond a reasonable doubt of the crime of aggravated murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment, is against the manifest weight of the evidence.
>
> 3.  Defendant/appellant was denied a fair trial due to the ineffective assistance of counsel.

(Doc. 14, RX 17.)  The court of appeals affirmed the judgment of the trial court. (Doc. 14, RX 20; State v. Berry, No. 4-12-03, 2013 WL 2638704 (Ohio Ct. App. June 10, 2013).)

Berry appealed that judgment to the Supreme Court of Ohio, asserting the following propositions of law:

> 1.  The trial court erred in denying Defendant/Appellant's motion for Acquittal and the evidence was insufficient to support the jury's

conviction of Defendant/Appellant for the crime of Aggravated Murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment.

2. The Jury's verdict finding Defendant/Appellant, guilty beyond a reasonable doubt of the crime of Aggravated Murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment, is against the manifest weight of the evidence.

3. Defendant Appellant was denied a fair trial due to the ineffective assistance of trial counsel.

(Doc. 14, RX 22.) The state high court declined jurisdiction on Nov. 20, 2013. (Doc. 14, RX 23.)

### B. Petition for Post-Conviction Relief

On Feb. 22, 2013, Berry filed a post-conviction petition, with the following eight grounds for relief:

1. Petitioner['s] April 15th, 2011, statement to the Defiance County Sheriffs that was admitted into evidence against the petitioner at trial was obtained in violation of the petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution and should have been excluded as derivative evidence.

2. Petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the Constitution of the United States of America were violated due to police conducting a custodial interrogation after petitioner invoked his right to counsel present during custodial interrogation and the trial court finding that petitioner['s] [waiver] of his Fifth and Sixth Amendment rights were valid based on the fact that petitioner was read his Miranda rights.

3. Petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the Constitution of the United States of America were violated by the state agents knowingly circumventing petitioner['s] right to counsel and using illegally obtained incriminating statements against petitioner at trial.

5

> 4. Petitioner was deprived of his Fifth and Fourteenth Amendment rights to due process as guaranteed by the Constitution of the United States of America due to the prosecution eliciting perjured testimony from a state witness during petitioner['s] trial.
>
> 5. Petitioner was deprived of his Fifth and Fourteenth Amendment rights as guaranteed by the Constitution of the United States of America to due process of law due to the trial court denying the petitioner access to funds needed to hire forensic analyst for the preparation and presentation of his defense.
>
> 6. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel as guaranteed by the Constitution of the United States of America due to appointed counsel['s] failure to present exculpatory evidence, impeach key witnesses, subpoena crucial witnesses, improper inducement of a guilty plea, failure to file motion to suppress phone records, and [inadequate] representation before during and after petitioner['s] trial.
>
> 7. Petitioner was deprived of his Fifth and Fourteenth Amendment right[s] as guaranteed by the Constitution of the United States of America to due process of law due to the prosecution failing to disclose material evidence to the petitioner['s] appointed counsel upon request prior to trial.
>
> 8. Petitioner was deprived of his Sixth Amendment right as guaranteed by the Constitution of the United States of America to [an] impartial jury due to a member of his jury failing to disclose material information during jury voir dire.

(Doc. 14, RX 24.) The trial court granted the state's motion to dismiss, on the basis of res judicata. (Doc. 14, RX 27.)

Berry appealed the trial court's ruling, and set forth two assignments of error for the court of appeals:

> 1. The trial court erred and prejudice[d] the Defendant-Appellant by denying the Appellant['s] petition for post-conviction relief without holding an evidentiary hearing.

> 2. The trial court erred by finding that the Appellant did not state any substantial grounds for relief in this petition for post conviction relief.

(Doc. 14, RX 29.)  On Feb. 3, 2104, the court of appeals affirmed the judgment of the trial court.  (Doc. 14, RX 32.)

Berry appealed that judgment to the Supreme Court of Ohio, setting forth the following ten propositions of law:

> 1. The trial court erred and prejudice[d] the Defendant-Appellant by denying the Appellant['s] petition for post-conviction relief without holding [an] evidentiary hearing.
>
> 2. The trial court erred by finding that the Appellant did not state any substantial grounds for relief in his petition for post-conviction relief.
>
> 3. Appellant['s] April 15th 2011 statement to the Defiance County Sheriffs that was admitted into evidence against Donny Berry at trial was obtained in violation of the Appellants Fifth, Sixth and Fourteenth Amendment rights as guaranteed by the United States Constitution and should have been excluded as derivative evidence.
>
> 4. Appellant['s] fifth Sixth and Fourteenth Amendment rights as guaranteed by the constitution of the United States of America were violated due to police conducting a custodial interrogation after Appellant invoked his right to counsel presents during custodial interrogation and the trial court finding that Appellant['s] waiver of his fifth and Sixth Amendment rights was valid based on the fact appellant was read his rights.
>
> 5. Appellant['s] Fifth Sixth and Fourteenth Amendment rights as guaranteed by the constitution of the United States of America were violated by the state agents knowingly circumventing appellants right to counsel and used illegally obtained incriminating statements against appellant at trial.
>
> 6. Appellant was deprived of his Fifth and Fourteenth Amendment rights to due process of law as guaranteed by the constitution of the United States of America due to the prosecution eliciting perjured testimony from a state witness during appellants trial.

> 7. Appellant was deprived of his Fifth Sixth and Fourteenth Amendment rights as guaranteed by the constitution of the United States of America due to the trial court denying the Appellant access to funds needed to hire forensic Analyst for preparation and presentation of his defense.
>
> 8. Appellant was deprived of his Sixth Amendment right as guaranteed by the constitution of the United States of America to [an] impartial Jury due to a member of his Jury failing to disclose material information during Jury voir dire.
>
> 9. Appellant was deprived of his Sixth Amendment right to effective Assistance of counsel as guaranteed by the constitution of the United States of America due to appointed counsel['s] failure to present exculpatory evidence, impeach key witnesses, subpoena crucial witnesses, improper inducement of a guilty plea, failure to file motion to suppress phone records and inadequate representation before during and after appellant['s] trial.
>
> 10. Appellant was deprived of his Fifth and Fourteenth Amendment right[s] as guaranteed by the constitution of the United States of America due to the prosecution failing to disclose material evidence to the appellants appointed counsel upon request prior to trial.

(Doc. 14, RX 34.)

The state high court declined jurisdiction on June 11, 2014. (Doc. 14, RX 35.)

### C. Rule 26(B) Application

On Aug. 20, 2013, while his direct appeal and the appeal of his post-conviction petition were pending, Berry filed a Rule 26(B) application to reopen, based on ineffective assistance of appellate counsel. Berry would have raised the following five assignments of error:

> 1. The trial court erred and abused its discretion in denying Berry's motion to dismiss and/or suppress as statements obtained from Berry

8

> on April 15th, 2011, were obtained in violation of Berry's Fifth Amendment right against self-incrimination.
>
> 2. The trial court erred and abused its discretion in denying Berry's motion to dismiss and/or suppress as statements were obtained from Berry on April 15th, 2011, in violation of Berry's Sixth Amendment right to counsel.
>
> 3. The trial court committed reversible error by denying the appellant['s] motion for funds to hire a forensic Analyst.
>
> 4. The state failed to allege venue in counts 2 through 8 of petitioner's indictment.
>
> 5. Appellant was egregiously victimized by the ineffective assignment of his counsel when he failed to raise on appeal the various meritorious issues indicated in this application for reopening.

(Doc. 14, RX 36.)  On Nov. 25, 2013, the court of appeals denied the application. (Doc. 14, RX 37.)

Berry appealed that denial to the Supreme Court of Ohio, setting forth as propositions of law the same five claims that he raised in his Rule 26(B) application. (Doc. 14, RX 39.)  The state high court declined jurisdiction on March 12, 2014. (Doc. 14, RX 40.)

## II.  MOTION TO STAY

Berry moves to stay the current action "until the State Court rules upon a petition to vacate filed by the petitioner pursuant to [Ohio Rev. Code] § 2953.23." (Doc. 21, at 1.)  Berry says that the state petition relates to the fifth ground of the habeas petition before this court.  Id.

9

Berry filed his petition for a writ of habeas corpus in this court on Nov. 14, 2014.  (Doc. 1.)  The fifth ground of his federal habeas petition is:

> Petitioner was deprived of his Fifth and Fourteenth Amendment right to due process of law and of his Sixth Amendment right as guaranteed by the United States Constitution to [an] impartial jury due to a jury member of his jury failing to disclose material information during jury voir dire.  The court's decision was contrary to or an unreasonable application of clearly establish[ed] federal law.

(Doc. 1, § 12.)

Almost seven months after filing his federal habeas petition, Berry filed a "Successive Petition for Post Conviction Petition Relief, Pursuant to Ohio Rev. Code § 2953.23," in the state trial court, on June 4, 2015.  (Doc. 21, PX 1.)  The petition states that the ground for relief is:

> Petitioner was deprived of his Sixth Amendment right as guaranteed by the Constitution of the United States of America to a trial by an impartial jury due to jury member Erika Bucholz failing to disclose material information during voir dire.

(Doc. 21, PX 1, at 2.)  The state petition alleges Berry was "unavoidably prevented" from timely filing such a petition, because he did not possess the information he now has, supported by an affidavit.  (Doc. 21, PX 1, at 1-2.)

The affidavit in question avers that affiant Veronica Aguilar attended the same junior high school as the juror and Donny Berry.  Aguilar avers that juror Bucholz attended the school at the time that Berry was convicted for setting a fire at the school.  Aguilar states that she was asked to provide such an affidavit "on numerous occasions . . . over the past three years," by "individuals whom I do not know."  She had been reluctant to provide the affidavit previously due to concerns

10

about her personal safety, but now felt the danger had subsided. (Doc. 21, PX 2, Aguilar aff., signed May 8, 2015.)

The Supreme Court has explained that the "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler v. Ford, 542 U.S. 225, 230 (2004). A "mixed" petition contains both unexhausted and exhausted claims. Pliler, 542 U.S. at 227. The court is not required to stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." Jones v. Parke, 734 F.2d 1142, 1145 (6th Cir. 1984).

The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005); Wiedbrauk v. Lavigne, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006), cert. denied, 549 U.S. 961 (2006). The procedure is appropriate only when the petitioner had good cause for a failure to exhaust. Rhines, 544 U.S. at 277.

The first question before this court, then, is whether the habeas petition at bar is a "mixed" petition, specifically, whether the fifth ground of the petition should be considered unexhausted.

11

Berry raised the fifth ground of his federal habeas petition (member of jury failing to disclose material information during voir dire) in state court.  The eighth ground of Berry's Feb. 22, 2013, post-conviction petition was:  "Petitioner was deprived of his Sixth Amendment right as guaranteed by the Constitution of the United States of America to [an] impartial jury due to a member of his jury failing to disclose material information during jury voir dire."  (Doc. 14, RX 24.)  The 2013 state petition stated that Berry "was made aware of the relationship between the juror and himself after trial by a friend of the juror (Veronica Aguilar)."  (Doc. 14, RX 24, at [29].)  The trial court granted the state's motion to dismiss, on the basis of res judicata, because every one of the claims could have been raised at trial or on direct appeal.  The court also noted that Berry had failed to provide any evidentiary support for his claim.  (Doc. 14, RX 27.)

Berry pursued this claim in his appeal of the trial court's denial of his 2013 post-conviction petition.  The court of appeals affirmed the lower court, and stated that "a defendant has not set forth substantive grounds when the petition for post-conviction relief claims a juror was biased, but the record does not state with specificity how the bias affected the juror."  (Doc. 14, RX 32, at 8.)  The court noted that Berry did not attach anything to his petition would indicate that the juror knew that Berry was the person responsible to setting a fire at their school (which caused substantial damage, allegedly including to the contents of the juror's locker).  Id.  The court noted Berry only provided a self-serving affidavit, and found that the

trial court did not abuse its discretion in denying his petition without any evidentiary hearing. Id. at 8-9.

The court of appeals also found that res judicata would bar this claim, because Berry could have informed his counsel as to his conviction for setting the fire at the school, which would have allowed counsel to explore the issue further with the juror, if they chose to do so. The court found that this was an issue which could have been raised at trial, thus was properly barred by res judicata. (Doc. 14, RX 32, at 9 n.5.) Berry unsuccessfully raised the claim yet again in his appeal of the appellate court's ruling to the state supreme court. (Doc. 14, RX 34.)

In his motion to stay, Berry argues that the factual basis of his claim was not developed in state court. (Doc. 21, at 5.) The warden responds that the Aguilar affidavit attached to the June 2015 state post-conviction petition adds nothing to the record, and does not establish that the juror failed to disclose material information during voir dire, as alleged by the fifth ground of the habeas petition. (Doc. 22, at 3-4.)

As noted above, Aguilar avers in her affidavit that the juror and Bucholz attended the same junior high school (at the time that Berry was convicted for setting a fire at the school). Aguilar does not state whether Bucholz has any specific memory of the fire incident, whether Bucholz had any awareness that the fire was intentionally set (rather than an accident), or whether Bucholz had any knowledge that Berry was arrested or convicted for it. (Doc. 21, PX 2, Aguilar aff.)

The respondent contends that the juror never failed to disclose any information. She volunteered that she went to the same school as Berry did. She was asked whether she had any personal connection[1] with him, and she responded that she was just aware that they went to the same school. In response to a question whether "anything about that" would cause her to be less than fair and impartial, she answered "no." (Doc. 22, at 2-3, quoting voir dire transcript.) There is no indication that Berry or his trial counsel were dissatisfied with her answers at voir dire, or were prevented from exploring the school connection further.

The respondent argues that Berry's pending state petition is meritless, because "there is no constitutional violation where a juror, having given an honest response to a question actually asked, innocently fails to disclose information that might have been elicited by questions counsel did not ask." (Doc. 22, at 6, citing Billings v. Polk, 441 F.3d 238, 245 (4th Cir. 2006), and Grundy v. Dhillon, 120 Ohio St.3d 415, 900 N.E.2d 153 (2008).)

The court finds that Aguilar merely avers that the juror and Bucholz attended the same school; the juror volunteered at voir dire that she attended the same school as Berry. This issue was raised and known to Berry and his counsel at trial. Aguilar's affidavit is not new evidence, and adds nothing to the juror's

---

[1] An indication of the lack of a personal relationship between the juror and Berry might be found in Berry's statement in his 2013 state petition that he "was made aware of the relationship between the juror and himself <u>after trial</u> by a friend of the juror (Veronica Aguilar)," (doc. 14, RX 24, at [29], emphasis added), despite the juror's testimony at voir dire that she and Berry had attended the same school.

testimony at voir dire. However, the merits of Berry's pending state petition are not for this court to resolve.

The issue is whether the fifth ground of the habeas petition is exhausted. The court finds that it has been exhausted, and the habeas petition before this court is not a "mixed" petition.

Exhaustion requires that the petition present the same factual basis to the federal habeas court that was presented to the state court. Cunningham v. Hudson, 756 F.3d 477, 482 (6th Cir. 2014) (per curiam). In Cunningham, the factual basis of the petitioner's claims differed.[2] Berry's claim concerning the voir dire is based on the same factual allegations. The fifth ground of his habeas petition alleges that Bucholz "must have had prior knowledge" of Berry's prior bad acts because they had both attended a school where Berry set a fire, as a result of which all the contents of the students' lockers "were deemed damaged and discarded for insurance," therefore her answers to questioning at voir dire should be considered materially incomplete. (Doc. 1, at 27-28.)

This is identical to the factual basis supporting Berry's claim concerning the same juror in his February 2013 petition for post-conviction relief. In that petition, Berry alleged that the juror "failed to disclose that she was a classmate of the petitioner during the time he was found guilty of setting fire to the local junior high

---

[2] "Although Cunningham presented a juror-basis claim to the state court, the factual basis was [the juror]'s knowledge of Cunningham from her colleagues, not her alleged relationship with the families of the victims." *Cunningham*, 756 F.3d at 482.

15

school," and she was a victim because the contents of students' lockers were damaged. (Doc. 14, RX 24, at 3, 29-30.) Berry appealed the trial court's denial of his motion to both the court of appeals (doc. 14, RX 29, at 10, and RX 31, at 5), and to the Supreme Court of Ohio (doc. 14, RX 34, at 9, 39-40), pressing the same factual claim at each level.

Exhaustion does not require a state court adjudication on the merits of the claim at issue, merely that the petitioner give the highest court in the state a full and fair opportunity to rule on the petitioner's claims. Clinkscale v. Carter, 375 F.3d 430, 438 (6th Cir. 2004), cert. denied, 543 U.S. 1177 (2005); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). It makes no difference whether the state court ruled on the merits or denied relief on procedural grounds. Wilson v. Marshall, 532 F.Supp. 936, 937-938 (S.D. Ohio 1982). Here, the highest court in the state was given a full and fair opportunity to rule on his claim. Doc. 14, RX 34; see Rust, 17 F.3d at 160. The exhaustion requirement is satisfied when the petitioner has raised his claims before the state's highest court. Clinkscale, 375 F.3d at 437 (citing Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990)).

The exhaustion of state remedies can be accomplished either directly or collaterally. Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995). A habeas petitioner need not exhaust any and all remedies that are potentially available to him in state court. Clinkscale, 375 F.3d at 439 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844-845 (1999)). "A petitioner need exhaust only one avenue of relief in state court before bringing a federal habeas petition." Jackson v. Borg, 992 F.2d 1219, 1993

WL 140594, at *1 (9th Cir. 1993) (TABLE, text in WESTLAW) (citing Turner v. Compoy, 827 F.2d 526, 528 (9th Cir. 1987)). This is true even where alternative avenues of reviewing constitutional issues are still available in state court. Turner, 827 F.2d at 528.

The court finds that the fifth ground of the habeas petition has been exhausted in the state courts, for habeas purposes, and thus the petition is not a "mixed" petition which might be subject to a stay.

The motion to stay (doc. 21) is DENIED.


IT IS SO ORDERED.


Dated:  Oct. 28, 2015                                    /s/ Kenneth S. McHargh
                                                         Kenneth S. McHargh
                                                         United States Magistrate Judge