**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DONNY L. BERRY,** | ) | **CASE NO. 3:14CV2518** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **WARDEN, Southern Ohio Correctional Facility,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondents. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Donny L. Berry's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was convicted in 2011 for Aggravated Murder; Involuntary Manslaughter; Conspiracy to Traffic Cocaine and Marijuana; and Tampering With Evidence, in the Defiance County (Ohio) Court of Common Pleas. Petitioner was sentenced to an aggregate sentence of thirty years to life in prison on January 3, 2012. Petitioner appealed his conviction and the Court of Appeals affirmed the judgment of the trial court on June 10, 2013. Petitioner appealed to the Supreme Court of Ohio and the Supreme Court declined jurisdiction on November 20, 2013.

On February 22, 2013, Petitioner filed a Post-Conviction Petition. The trial court granted the state's Motion to Dismiss on the basis of res judicata. Petitioner appealed the trial court's ruling. On February 3, 2104, the Court of Appeals affirmed the judgment of the trial court. Petitioner appealed that judgment to the Supreme Court of Ohio. The Supreme Court declined jurisdiction on June 11, 2014.

On August 20, 2013, while his direct Appeal and the appeal of his Post-Conviction Petition were pending, Petitioner filed a Rule 26(B) Application to Re-Open. On November 25, 2013, the Court of Appeals denied the Application. Petitioner appealed that denial to the Supreme Court of Ohio. The Supreme Court declined jurisdiction on March 12, 2014. On November 14, 2014, Petitioner filed a Petition for Writ of Habeas Corpus asserting eleven Grounds for Relief.

On December 8, 2014, the matter was referred to the Magistrate Judge for the preparation of a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on April 29, 2016. On May 12, 2016, Petitioner filed Objections to Report and Recommendation of Magistrate Judge.

**STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**ANALYSIS**

In the Objections, Petitioner concedes that Grounds Three, Five, Seven, Eight, Nine and Eleven have either been procedurally defaulted or cannot establish that the

3

claim error was substantially injurious.  Therefore, the Court will only address Grounds One, Two, Four, Six and Ten.

> **GROUND ONE:**  The state court's determination that appellant was not denied the effective assistance of appellate counsel when counsel failed to raise on appeal various meritorious issues violating appellant's Sixth Amendment right to the effective assistance of counsel as guaranteed by the United States Constitution was contrary to or an unreasonable application of federal law and *Strickland v. Washington* which resulted in a decision that was based on an unreasonable determination of the facts.

The Magistrate Judge correctly points out that in the habeas context, the Court considers Petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of *Strickland* to the facts of this case was objectively unreasonable."  *Washington v. Hofbauer*, 228 F.3d 689, 702 (6th Cir. 2000).  The Supreme Court has affirmed that this Court must approach the state court's rulings in a highly deferential manner.  The Court stated in *Harrington v. Richter* that the "pivotal question" of whether the state court's application of *Strickland* standard was unreasonable is different from simply deciding whether counsel's performance fell below *Strickland's* standard.  *Harrington v. Richter*, 562 U.S. 86, 101, 131 S.Ct. 770, 785 (2011).

Here, Petitioner challenges appellate counsel's decision to omit the suppression issue in the Appeal.  In ruling on Petitioner's Rule 26(B) Application, the Court of Appeals found that appellate counsel could not be found ineffective for the decision to not argue the trial court's ruling on the Motion to Suppress.  *Richter* instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

4

possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. The Magistrate Judge concluded that Petitioner failed to show that the Court of Appeals' ruling was lacking in justification. The Court agrees that the Court of Appeals ruling that appellate counsel could not be found ineffective in his tactical decision to forgo pursuing the argument further on appeal was reasonable. Therefore, Ground One is without merit.

> **GROUND TWO:** The trial court erred and abused its discretion in denying appellant's motion to dismiss and or suppress as statements were obtained from appellant on April 15th, 2011, were obtained in violation of appellant's Fifth Amendment right against self-incrimination and is contrary to or an unreasonable application [of] *Miranda v. Arizona* and its [progeny].

In the Report and Recommendation, the Magistrate Judge determined that Petitioner failed to raise the *Miranda v. Arizona*, 384 U.S. 436 (1966) violation on direct appeal. Petitioner agrees, but argues that cause and prejudice have been established for the failure. A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).

"Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In his Objections, Petitioner claims that trial counsel's ineffectiveness to raise the issue and appellate counsel's failure to raise the same claim satisfies the "cause" requirement for excusing the procedural default.

Ineffective assistance of counsel can serve as cause to overcome procedural

5

default. *Smith v. Ohio, Dept. of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006) (citing *Deitz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004)); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). The Court agrees with the Magistrate Judge's determination that attorney error cannot serve as cause for procedural default unless the performance of petitioner's counsel was constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner has the burden to establish the cause and prejudice necessary to overcome the default.

To make out an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland*, the defendant must establish deficient performance and prejudice:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In this case, the Magistrate Judge determined that Petitioner cannot show ineffective assistance of his appellate counsel for failing to raise the issue on appeal because the underlying claim lacks merit. *Moore v. Mitchell*, 708 F.3d 760, 777-778

6

(6th Cir. 2013), cert. denied, 134 S.Ct. 693 (2013). The Court agrees that given the Court of Appeals' ruling that appellate counsel could not be found ineffective in his tactical decision, the Court cannot find a reasonable probability that this issue would have changed the result of the appeal had it been raised by appellate counsel. Petitioner has failed to establish that appellate counsel was ineffective and cannot show cause and prejudice to excuse the procedural default. Ground Two is procedurally defaulted.

> **GROUND FOUR:** The petitioner['s] Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution were violated by the state agents knowingly circumventing petitioner['s] right to counsel and using illegally obtained incriminating statements against petitioner at trial. This was contrary to [or] an unreasonable application of *Maine v. Moulton* and its progeny.

The Magistrate Judge determined that Ground Four was not fairly presented to the Ohio Court of Appeals and is now defaulted. In his Objections, Petitioner specifically objects to the denial of the writ for Ground Four, but then does not challenge the finding of the Magistrate Judge. Petitioner has failed to show cause and prejudice for the default. The Court agrees with the Magistrate Judge that Ground Four is defaulted.

> **GROUND SIX:** Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel as guaranteed by the United States Constitution due to appointed counsel['s] failure to present exculpatory evidence, impeach key witnesses, subpoena crucial witnesses, improper inducement of a guilty plea, and [inadequate] representation before during and after petitioner['s] trial, filing frivolous motions which prejudiced the petitioner['s] right to a speedy trial, failure to object to the hearsay testimony of Doug Engel, Dave Richardson, and Tobey Delaney, which was contrary to clearly establish[ed] federal law and or an unreasonable application of *Strickland v. Washington*.

The Magistrate Judge determined that the Court of Appeals applied the correct

standard under *Strickland* for ineffective assistance of counsel. In reviewing the record, it is clear that the Court of Appeals thoroughly examined Petitioner's claim and found no errors by counsel and no prejudice to Petitioner. Reviewing the Court of Appeals' ruling in accordance with the guidance set forth by the U.S. Supreme Court in *Richter*, the Court finds that Petitioner has failed to demonstrate that the state court ruling lacked justification or the application of *Strickland* was unreasonable. Therefore, Ground Six is denied.

> **GROUND TEN:** The state court's determination in denying defendant/appellant'[s] motion for acquittal and the evidence was insufficient to support the jury's conviction of defendant/appellant for the crime of aggravated murder, in violation of [Ohio Rev. Code §] 2903.01, Count I of the indictment depriving the petitioner of his Fifth and Fourteenth Amendment right to due process of law.

Again, the Magistrate Judge determined that the Court of Appeals reviewed this claim using the correct governing legal principle, to wit; the sufficiency of evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). A sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; see also *Cavazos v. Smith*, 132 S.Ct. 2, 6 (2011) (per curiam); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990).

The Supreme Court recently emphasized that "it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos*, 132 S.Ct. at 4. The Court stressed that *Jackson* "unambiguously instructs that a reviewing court 'faced with a record of historical

facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Cavazos*, 132 S.Ct. at 6 (quoting *Jackson*, 443 U.S. at 326).

Here, the Court of Appeals reviewed all the testimony and provided a lengthy recitation of the evidence.  After reviewing the record, the Magistrate Judge determined that the Court of Appeals' decision that reasonable minds could find that each element had been proven and that Petitioner had committed Aggravated Murder, was reasonable.  The Court agrees with the Magistrate Judge that the Court of Appeals decision is a reasonable application of *Jackson v. Virginia,* and a rational trier of fact could have agreed with the jury's assessment of the evidence.  Therefore, Ground Ten is denied.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as time barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:8/8/2016
s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge